# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| Big Cat Rescue Corp., a Florida not-for-profit corporation;<br><br>     Plaintiff,<br><br>vs.<br><br>G.W. Exotic Animal Memorial Foundation, an Oklahoma not-for-profit corporation; The Garold Wayne Interactive Zoological Foundation, an Oklahoma not-for-profit corporation; John Reinke, individually; John Finlay, individually; Bobbi Lynn Corona, individually; Satrina Gayle McAnally, individually; and Benjamin McAnally, individually;<br><br>     Defendants. | Case No. CIV-14-00377-C |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS,
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

**TO:** The State Bank of Wynnewood, attn: Head Cashier, 117 S. Dean A. McGee, Wynnewood, OK 73098

 ☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

  The documents, electronically stored information, or objects to be produced for inspection and copying of are designated on Exhibit "A" attached hereto.

| Place: | Date and Time: |
|---|---|
| At the offices of Plaintiff's attorneys, Phillips Murrah P.C., Attn: Heather L. Hintz, Esq., 101 North Robinson Avenue, 13th Floor, Oklahoma City, OK 73102-5504 | The 23rd day of July, 2015, at 10:00 A.M. |

 ☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party my inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

 The provisions of the Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45(d) and (e), relating to your duty to respond to this subpoena and the potential consequence of not doing so, are attached.

Date: July 9, 2015

CLERK OF COURT

_____  OR _____
Signature of Clerk or Deputy Clerk           Attorney's Signature

The name, address, e-mail, and telephone number of the attorney representing Plaintiff, Big Cat Rescue Corp., who issues or requests this subpoena, are:  Heather L. Hintz, OBA #14253, Phillips Murrah P.C., 101 North Robinson Avenue, 13th Floor, Oklahoma City, OK 73102-5504  Telephone: (405) 235-4100, Facsimile: (405) 235-4133, E-mail: hlhintz@phillipsmurrah.com

*Big Cat Rescue Corp. v. G.W. Exotic Animal Memorial Foundation, et al.*
US DC WD OK Case No.  CIV-14-00377-C

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45)*

This subpoena for **The State Bank of Wynnewood, Attn: Head Cashier, 117 S. Dean A. McGee, Wynnewood, OK  73098**, was received by me on the ____ day of _____, 2015.

☐  I served the subpoena by delivering a copy to the named person as follows:

_____

on the ____ day of _____, 2015; or

☐  I returned the subpoena unexecuted because:

_____
_____.

Unless the subpoena was issued on behalf of the United States, or one of its officers o agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of:

$_____.

I declare under penalty of perjury that this information is true.

Date: _____

Signature of Server

Printed Name and Title

Server's Address

Additional information regarding attempted service, etc:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** For Other Discovery. A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d)** *Protecting a Person Subject to a Subpoena; Enforcement*.

**(1)** Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection*.
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made,
the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted*. To protect a person subject to or affected by a
subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

  **(C)** Specifying Conditions as an Alternative. In the circumstances
described in Rule 45(d)(3)(B), the court may, instead of quashing or
modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D***) Inaccessible Electronically Stored Information*. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld*. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced*. If information produced in response to a
subpoena is subject to a claim of privilege or of protection as
trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is
resolved.

**(g)** *Contempt*.
The court for the district where compliance is required—and also,
after a motion is transferred, the issuing court—may hold in
contempt a person who, having been served, fails without adequate
excuse to obey the subpoena or an order related to it.

# EXHIBIT "A"

## SUBPOENA TO STATE BANK OF WYNNEWOOD, TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS, OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

Pursuant to Rule 45, Fed.R.Civ.P., the State Bank of Wynnewood ("SBW") is requested to produce the following documents, electronically stored information, tangible things, or objects, and permit their inspection, copying, testing, or sampling of the material in its possession, custody or control, pertaining to:

1. The property, income, assets, and liabilities of **G.W. Exotic Memorial Animal Foundation** ("GW Park") from August 1, 2012, to the present.

2. The property, income, assets, and liabilities of **The Garold Wayne Interactive Zoological Foundation**, an Oklahoma not-for-profit corporation (the "Garold Wayne Zoo") from August 1, 2012, to the present.

3. The property, income, assets, and liabilities of **John Finlay, a/k/a John W. Finlay, a/k/a John Wyatt Finlay**, an individual ("Finlay"), from August 1, 2012, to the present (hereinafter, GW Park, the Garold Wayne Zoo, and Finlay shall be collectively referred to as "Defendants").

4. The following documents, electronically stored information, or objects, and any and all documents and information relating or pertaining to the following:

    a. Any and all documents that show the nature, amount, value, and running balance of any and all accounts of whatever type, kind, nature, character, or description, whether joint or individual, from and including August 1, 2012, to the production date stated below, i) in which GW Park, the Garold Wayne Zoo, and/or Finlay deposit or deposited any money or property, ii) in the name of GW Park, the Garold Wayne Zoo, and/or Finlay, or any other entity in which Defendants have an interest, iii) in which GW Park, the Garold Wayne Zoo, and/or Finlay have, or have had, the right to make withdrawals, or iv) in which GW Park, the Garold Wayne Zoo, and/or Finlay have, or have had, any interest, whether legal or equitable. This shall include, but not be limited to, bank statements, checks front and back, deposit and withdrawal slips, offsets, and wire transaction documents.

    b. Any and all signature cards, depositor agreements, account contracts, account agreements, amendments thereto, and the like by and between SBW and GW Park, the Garold Wayne Zoo, and/or Finlay, and

4

by and between SBW and any entity in which GW Park, the Garold Wayne Zoo, and/or Finlay have, or have had, an interest, from and including August 1, 2012, to the production date stated below.

**c.** Any and all documents that reveal the nature, amount, and value of any and all money or property in SBW's possession, custody, or control belonging to GW Park, the Garold Wayne Zoo, and/or Finlay, or any entity in which GW Park, the Garold Wayne Zoo, and/or Finlay have, or have had, an interest, whether legal or equitable, from and including August 1, 2012, to the production date stated below.

**d.** Any and all documents that show the nature, amount, value, and running balance of any and all accounts of whatever type, kind, nature, character, or description, from and including August 1, 2012, to the production date stated below, regarding any account in the name of defendant, John Finlay a/k/a John W. Finlay, whether jointly or individually, including, but not limited to, account ▇▇▇▇▇▇▇▇▇▇▇▇.

**e.**   Any and all signature cards, depositor agreements, account contracts, account agreements, all amendments thereto, and the like, from and including August 1, 2012, to the production date stated below, regarding any account in the name of Finlay, whether jointly or individually, including, but not limited to, account ▇▇▇▇▇▇▇▇▇▇▇▇.

**f.**   Any and all statements, copies of checks, copies of deposits, copies of electronic transfers, copies of ACH credits and debits, and the like, from and including August 1, 2012, to the production date stated below, regarding any account in the name of Finlay, whether jointly or individually, including, but not limited to, account ▇▇▇▇▇▇▇▇▇▇▇▇.

**g.**   Any and all documents regarding any and all secured and unsecured debts, obligations, undertakings, and liabilities of GW Park, the Garold Wayne Zoo, and/or Finlay, and of any entity in which GW Park, the Garold Wayne Zoo, and/or Finlay have, or have had, an interest, to any person or entity, including SBW, to include all loan documents (such as loan commitments, loan agreements, notes, instruments, mortgages, security agreements, guaranty agreements, lien entry forms, and documents of perfection); documents showing the current outstanding balances thereof, including the running balances, from and including August 1, 2012, to the production date stated below; and documents showing the identity and nature, value, and location of any and all collateral and property securing said debts, obligations, undertakings, and liabilities, from and including August 1, 2012, to the production date set

forth below. Such documents shall further include, by way of example, but not by way of limitation:

    **i.** Any and all loan applications, financial statements, appraisals, and all documents submitted by or on behalf of any of the Defendants and any entity in which any of the Defendants have, or have had, an interest, to apply for or to be considered in the loan application process for each loan, including, but not limited to, Notes/Loans ███████████████████;

    **ii.** Any and all loan commitments, notes, credit agreements, loan agreements, appraisals, environmental agreements, guaranties, security agreements, mortgages, documents of perfection, financing statements, UCC's, lien entry forms, loan histories, and the complete loan files (which includes the left side of the file and right side of the file) for each loan related to any of the Defendants, including, but not limited to, Notes/Loans ███████████████████;

    **iii.** Any and all loan applications, financial statements, appraisals, and all documents submitted by or on behalf of any of the Defendants and any entity in which any of the Defendants have an interest subsequent to the date of each loan, including, by way of example, but not by way of limitation, tax returns;

    **iv.** Any and all reports, worksheets, and document check lists for each loan, including, but not limited to, Notes/Loans ███████████████████;

    **v.** Any and all loan and deposit records for each loan, including, but not limited to, Notes/Loans ███████████████████;

    **vi.** Any and all minutes of meetings in which any of the Defendants, Defendants' loans or Defendants' loan applications were discussed, in any way, including, by way of example, but not by way of limitation, board meeting minutes, officer meeting minutes, and committee minutes;

    **vii.** Any and all communications, whether or not sent or received, for, regarding, or discussing each loan, including, but not limited to, Notes/Loans ███████████████████;

    **viii.** Any and all notes, memos, and other documents for, regarding, or discussing each loan, including, but not limited to, Notes/Loans ███████████████████; and

     **ix.** Any and all loan modifications, extensions, and renewal documents, including applications, financial statements, appraisals, and all documents submitted by or on behalf of any of the Defendants and any entity in which any of the Defendants have, or have had, an interest, to apply for a loan modification, extension, and/or renewal of loan, including, but not limited to, Notes/Loans ■■■■■■■■■■■■■■■■■■■■.

* * *

  Said production, inspection, and copying will take place at 10:00 A.M. on 23rd day of July, 2015, at the offices of Plaintiff's attorneys, Phillips Murrah P.C., Attn: Heather L. Hintz, Esq., 101 North Robinson Avenue, 13th Floor, Oklahoma City, OK 73102-5504.

  In order to allow objections to the production of documents and things to be filed, you should not produce them until the date specified in this subpoena, and if an objection is filed, until the court rules on the objection.

  The subpoena commands production of documents and things from a nonparty and does not require attendance of a witness.