IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BIG CAT RESCUE CORP., a Florida not-for-profit corporation, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. CIV-14-377-C |
| G.W. EXOTIC ANIMAL MEMORIAL FOUNDATION, an Oklahoma not-for-profit corporation; THE GAROLD WAYNE INTERACTIVE ZOOLOGICAL FOUNDATION, an Oklahoma not-for-profit corporation; JOHN REINKE, individually; JOHN FINLAY, individually; BOBBI LYNN CORONA, individually; SATRINA GAYLE McANALLY, individually; BENJAMIN McANALLY, individually; and SHIRLEY SCHREIBVOGEL, individually, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff filed a Motion for Partial Summary Judgment (Dkt. No. 141) on December 1, 2015. Defendant The Garold Wayne Interactive Zoological Foundation filed a Response (Dkt. No. 158), and Plaintiff replied (Dkt. No. 161). The Motion is at issue. The facts below are undisputed, unless otherwise noted:

Defendant G.W. Exotic Animal Memorial Foundation ("Old Zoo") was a not-for-profit corporation founded and incorporated in 1999 by Joseph Schreibvogel ("Schreibvogel") together with his parents, Shirley and Francis Schreibvogel. The letters "G.W." in Old Zoo's name represented the first and middle initials of the name of

Schreibvogel's deceased brother, Garold Wayne. Old Zoo owned and operated an exotic animal park and zoo which was also a rescue organization for tigers and other exotic animals. Old Zoo was able to exhibit exotic animals due to Schreibvogel, who had a USDA animal exhibitor's license. Old Zoo's 2012 federal tax return reported 2012 revenue of $671,430.00 and year-end assets totaling $622,165.00. Old Zoo's 2013 federal tax return listed total assets at dissolution with a book value at $625,088.00. Old Zoo's board of directors had the following members: Schreibvogel, Defendant John Finlay ("Finlay"), Defendant Bobbi Lynn Corona, Defendant John Reinke ("Reinke"), Beth Corley, Defendant Satrina Gayle McAnally, and Defendant Benjamin McAnally.[*]

Plaintiff Big Cat Rescue Corp. obtained civil consent judgments and permanent injunctions against Old Zoo and Schreibvogel in three civil proceedings in the United States District Court for the Middle District of Florida. The judgments were based on trademark infringement, false designation of origin, unfair competition, misrepresentation, and copyright infringement. The judgments totaled more than $1 million. Within days of the judgments, Defendant and Old Zoo vice president/director Finlay filed a name reservation with the Oklahoma Secretary of State to reserve the name "The Garold Wayne Interactive Zoological Foundation" and a day later, Old Zoo and director Reinke incorporated The Garold Wayne Interactive Zoological Foundation ("New Zoo"). The New Zoo incorporation

---

[*] Big Cat Rescue filed a Stipulation for Dismissal of Defendants John Finlay (Dkt. No. 171), John Reinke (Dkt. No. 172), Shirley Schreibvogel (Dkt. No. 173), Satrina McAnally (Dkt. No. 169), and Benjamin McAnally (Dkt. No. 169) on all claims. An entry of judgment was entered against Defendant Bobbi Lynn Corona (Dkt. No. 68). New and Old Zoo are the only Defendants left in this action.

fee was paid for by Old Zoo. Old Zoo then dissolved. Upon Old Zoo's dissolution, it transferred to New Zoo vendor accounts and gift shop inventory, among other assets. New Zoo did not assume any of Old Zoo's liabilities.

Plaintiff alleges that New Zoo is a successor-in-interest to Old Zoo because both Zoos have the same business and namesake, mission statement, address and phone number, key personnel, vendors, and revenue sources, among other things. Because New Zoo is a successor to Old Zoo, Plaintiff argues that New Zoo is required to pay the judgments that were obtained against Old Zoo. Plaintiff also argues that Old Zoo's transfer of valuable assets to New Zoo was done with the intent to hinder, delay, or defraud Plaintiff and constitutes a fraudulent transfer pursuant to 24 Okla. Stat. § 116(A)(1). By way of an agreed judgement entered February 1, 2016 (Dkt. No. 182), the parties have stipulated that Plaintiff is entitled to judgment on Plaintiff's two causes of action, but request the Court to determine damages on the fraudulent transfer claim.

The parties have agreed that the Defendant violated the Uniform Fraudulent Transfers Act. The Court finds the proper measure of damages is the $1,028,000.00 judgments entered against Old Zoo plus interest provided by law. However, the Defendant has already agreed in the Agreed Judgment that it would pay the total cost of the three civil judgments against it. Of course Plaintiff is not entitled to recover twice on these judgments. No argument has been made regarding a claim for punitive damages, and none will be awarded in this Order.

## CONCLUSION

Accordingly, Plaintiff's Motion for Partial Summary Judgment (Dkt. No. 141) is GRANTED. Defendant The Garold Wayne Interactive Zoological Foundation is ordered to pay $1,028,000.00, plus interest as provided by law, to Plaintiff. A judgment will enter accordingly.

IT IS SO ORDERED this 2nd day of February, 2016.

ROBIN J. CAUTHRON
United States District Judge