# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BIG CAT RESCUE CORP., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-14-377-M |
| ) | |
| G.W. EXOTIC ANIMAL MEMORIAL ) | |
| FOUNDATION and ) | |
| THE GAROLD WAYNE INTERACTIVE ) | |
| ZOOLOGICAL FOUNDATION, ) | |
| ) | |
| Defendants, ) | |
| ) | |
| GREATER WYNNEWOOD EXOTIC ) | |
| ANIMAL PARK, LLC, ) | |
| ) | |
| Intervenor. ) | |

## ORDER

Before the Court is Intervenor's Motion to Vacate Order Appointing Receiver and Request for Immediate Stay of Receivership Pending the Court's Ruling on Intervenor's Motion, filed January 6, 2017. On January 27, 2017, plaintiff, Big Cat Rescue Corp. ("Big Cat Rescue"), responded, and on February 6, 2017, intervenor replied. Based on the parties' submissions, the Court makes its determination.

I.  Background

Defendant G.W. Exotic Animal Memorial Foundation ("G.W. Zoo") was founded in 1999 and owned and operated an exotic animal park and zoo located in Wynnewood, Oklahoma. In February of 2013, Big Cat Rescue obtained civil consent judgments and permanent injunctions against G.W. Zoo in three civil proceedings then pending in the United States District Court for the Middle District of Florida, Tampa Division, which were domesticated as Oklahoma judgments

in this Court. The judgments were based on trademark infringement, false designation of origin, unfair competition, misrepresentation, and copyright infringement.

On or about February 18, 2013, within days of the entry of the judgments, former defendant John Finlay, who served on the G.W. Zoo's board of directors, filed a reservation with the Oklahoma Secretary of State to reserve the name The Garold Wayne Interactive Zoological Foundation ("Garold Wayne Zoo"). The Garold Wayne Zoo was incorporated on or about February 19, 2013, by former defendant John Reinke, who was also on the board of directors of the G.W. Zoo. On February 19, 2013, the G.W. Zoo transferred substantially all of its assets and its ongoing business operations to the Garold Wayne Zoo, for no consideration. On February 25, 2013, the G.W. Zoo was dissolved by a unanimous vote of its board of directors, and a Certificate of Dissolution was filed with the Oklahoma Secretary of State on February 27, 2013. Thereafter, the Garold Wayne Zoo continued the operations of the G.W. Zoo. On March 29, 2013, the G.W. Zoo filed for Chapter 7 bankruptcy in this Court.

On April 15, 2014, Big Cat Rescue filed this action alleging that: (1) the Garold Wayne Zoo received fraudulent conveyances and transfers from the G.W. Zoo, in that substantially all of the G.W. Zoo's assets, and its entire business operations, were transferred without consideration by the G.W. Zoo, through insiders and its board of directors, to the Garold Wayne Zoo; and (2) the Garold Wayne Zoo is the successor to the G.W. Zoo and that the Garold Wayne Zoo is a mere continuation of the G.W. Zoo and are alter egos one to the other.

On February 1, 2016, the Court entered an Agreed Judgment and Permanent Injunction in this matter, in which the Court granted judgment in favor of Big Cat Rescue and against the Garold Wayne Zoo on Big Cat Rescue's claims of fraudulent transfer and alter ego. Further, the Court entered a Permanent Injunction against the Garold Wayne Zoo and the G.W. Zoo which stated:

> [The G.W. Zoo] and [the Garold Wayne Zoo], and their servants, agents, employees, interns, attorneys, parents, subsidiaries, predecessors, successors, affiliates, officers, directors, shareholders, members, mangers, principles and assigns, past, present and future, and any and all persons acting by and under their authority or in concert with them, are enjoined from transferring, encumbering, liquidating or disposing of any assets or business operations of [the G.W. Zoo] and/or [the Garold Wayne Zoo] other than in the ordinary course of business. This Permanent Injunction does not prohibit a cessation of operations so long as the assets of [the G.W. Zoo] and [the Garold Wayne Zoo] are preserved and not transferred, and the other terms of this Permanent Injunction are complied with. [The G.W. Zoo] and [the Garold Wayne Zoo] are specifically prohibited from transferring, encumbering, liquidating or otherwise disposing of any and all tangible and/or intangible assets or business operations of [the G.W. Zoo] and/or [the Garold Wayne Zoo], of any kind, including but not limited to: 1) bank accounts; 2) real and personal property; 3) vehicles; 4) stocks, bonds, mutual funds or other investment accounts; 5) intellectual property; 6) all trade names; and 7) good will. This Permanent Injunction shall remain in full force and effect after the close of the case, or until further order of this Court.

Agreed Judgment and Permanent Injunction [docket no. 182]. Further, on February 2, 2016, the Court granted Big Cat Rescue's partial summary judgment and ordered the Garold Wayne Zoo to pay Big Cat Rescue $1,028,000.00 plus interest. Judgment was issued, and this matter was terminated.

On March 4, 2016, Big Cat Rescue filed its Motion for Immediate Appointment of a Receiver to Take Charge of the Revenue and Receipts of the Garold Wayne Interactive Zoological Foundation, and Brief in Support. Further, on March 10, 2017, Big Cat Rescue filed a supplemental motion to its motion to appoint a receiver, in which it advised the Court that the Garold Wayne Zoo was now being operated by the Greater Wynnewood Exotic Animal Park, LLC ("Greater Wynnewood"). Big Cat Rescue served its supplemental motion on counsel for the G.W. Zoo through the Court's electronic filing system and mailed a copy of its supplemental motion to the Garold Wayne Zoo agents – G.W. Exotic Animal Foundation c/o Joe Schreibvogel k/n/a Joe

3

Maldonado and Bobbi Lynn Corona; however, Big Cat Rescue did not serve Greater Wynnewood with its supplemental motion. On March 14, 2016, the Court, without hearing from the G.W. Zoo, the Garold Wayne Zoo, or Greater Wynnewood, granted Big Cat Rescue's motions and appointed Receiver Ken Klingenberg ("Receiver") as receiver with all powers necessary to collect and administer the revenues and receipts of the Garold Wayne Zoo, including but not limited to, those necessary to:

1. Inventory all personal property owned by the Zoo or its successor;

2. Open savings and checking accounts(s) (the "Accounts");

3. Take possession of the Zoo's or its successor's financial accout(s), including any online payment and/or donations accounts, including but not limited to PayPal and gofundme accounts, with the authority to link each account to the Accounts;

4. Take possession of, collect, and manage the proceeds, revenues, profits, donations accounts receivable, including but not limited to daily donations, tour revenue, and all other daily income generated by the Zoo or its successors, from any sources whatsoever (the "Proceeds");

5. Collect, endorse, and deposit all Proceeds into the Accounts;

6. Identify, access, and review all records, statements, books of accounting, ledgers, financial accounts, and all other documents related or pertaining to the generation of income, from any source whatsoever, by the Zoo or its successor;

7. Receive, collect, divert, and review, all mail addressed to the Zoo or its successor (and any other names used by [the Garold Wayne Zoo], including G.W. Zoo;

8. Approve and make all payments necessary for the operations of the Zoo or its successor;

9. Hire and pay agents and employees a reasonable fee to assist the Receiver in performing his or her duties, including, but not limited to, accounts, collectors, and bookkeepers,

10. Review Accounts payable presented to the Receiver by the management of the Zoo or its successors, and approve, or disapprove, such accounts payable for payment; and

11. Execute checks or other form of payment for any approved payable of the Zoo or its successor.

March 14, 2016 Memorandum Opinion and Order [docket no. 202] at 3.

On December 16, 2016, the Court permitted Greater Wynnewood to intervene in this action. Greater Wynnewood now moves this Court to vacate the March 14, 2016 Memorandum Opinion and Order on the grounds that: (1) Greater Wynnewood was never provided notice or an opportunity to be heard prior to the Court's Order being issued; (2) Big Cat Rescue failed to show extreme and exceptional circumstances warranting the *ex parte* appointment of a receiver over Greater Wynnewood; (3) the Court had no authority to appoint a Receiver over it; (4) Big Cat Rescue should be ordered to pay the Receiver's fees[1]; and (5) the Court should immediately stay the enforcement of the Receiver appointment until the Court rules on the constitutionality of its Order appointing the Receiver.[2]

II. Discussion

Greater Wynnewood moves this Court, pursuant to Federal Rule of Civil Procedure 60, for relief from the March 16, 2016 Order. Rule 60 provides:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

---

[1] Because the Receiver currently has a motion before the Court for compensation, the Court will address this ground in that motion.

[2] Since the Court has determined that the March 14, 2016 Order should be vacated due to Greater Wynnewood not receiving actual notice or having an opportunity to be heard prior to the Receiver being appointed, the Court will not address Greater Wynnewood's grounds that the Court had no authority to appoint a receiver over it. Further, the Court finds that since the order appointing the Receiver will be vacated, it is not necessary to stay the enforcement of the Order.

5

> **(1)** mistake, inadvertence, surprise, or excusable neglect;
>
> **(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> **(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> **(4)** the judgment is void;
>
> **(5)** the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> **(6)** any other reason that justifies relief.

Fed. R. Civ. P. 60(b).[3] Essentially, Greater Wynnewood is asking this Court to reconsider the March 16, 2017 Order appointing the Receiver; therefore, this Court finds this matter should be analyzed as a motion to reconsider. "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct error or prevent manifest injustice." *Servants of the Paraclete v. John Does I-XVI*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion to reconsider is appropriate "where the court has misapprehended the facts, a party's position, or the controlling law" but is not appropriate "to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*

Having carefully reviewed the parties' submissions, the Court finds that in order to prevent manifest injustice, the March 16, 2016 Order appointing the Receiver in this matter should be

---

[3] Greater Wynnewood contends that the March 16, 2016 Order is void, pursuant to Rule 60(b)(4), because its constitutional due process right was violated when it was not provided actual notice or an opportunity to be heard prior to the Court issuing its order. However, the Court finds that since the March 16, 2016 Order was an order of the Court and not a judgment, the Court will determine if Greater Wynnewood is entitled to relief under Rule 60, pursuant to Rule 60(b)(6).

vacated. Specifically, the Court finds that Greater Wynnewood's constitutional due process rights were violated when the Court entered the order appointing the Receiver without Greater Wynnewood receiving actual notice or being given an opportunity to be heard and that Big Cat Rescue failed to show extreme and exceptional circumstances warranting the *ex parte* appointment of the Receiver. Big Cat Rescue contends that: (1) the Court's Order does not implicate Greater Wynnewood's property; (2) Greater Wynnewood received constitutionally sufficient notice and had a meaningful opportunity to be heard before any deprivation of property occurred; and (3) the Court was justified in determining that circumstances justified the immediate appointment of a Receiver.

> The Receiver Order granted the Receiver the power to:
>
> > Take possession of the Zoo's or its successor's financial accout(s), including any online payment and/or donations accounts, including but not limited to PayPal and gofundme accounts, with the authority to link each account to the Accounts;
> >
> > Take possession of, collect, and manage the proceeds, revenues, profits, donations accounts receivable, including but not limited to daily donations, tour revenue, and all other daily income generated by the Zoo or its successors, from any sources whatsoever (the "Proceeds");

March 14, 2016 Order [docket no. 202] at 3. The Court's Order empowered the Receiver to "Take Charge of the Revenue and Receipts of … [Greater Wynnewood] . . ." *Id.* By empowering the Receiver to take charge of Greater Wynnewood's revenue and receipts, as well as its other financial accounts, the Court finds that Greater Wynnewood's property interests were implicated and Greater Wynnewood should have been served notice of Big Cat Rescue's supplemental motion to appoint receiver and should have been given the opportunity to be heard prior to the Court appointing the Receiver. *See Walker v. U.S.*, 744 F.2d 67, 68 (10th Cir. 1984) ("The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful

7

manner. However, this requirement is triggered only when a liberty or property interest is implicated.") (internal citations omitted).

Further, the Court finds that Greater Wynnewood did not receive constitutionally sufficient notice or have a meaningful opportunity to be heard before the deprivation of its property interest. *See Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950) ("An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."). Big Cat Rescue contends that Greater Wynnewood admitted in its initial emergency motion to vacate receiver order[4] that it had notice of its supplemental motion, and that by way of the relationship between former defendant Joe Maldanado and Jeff Lowe, principal owner of Greater Wynnewood, that Greater Wynnewood had actual notice of the receivership proceedings. The Court finds that the notice Big Cat Rescue references in its motion as actual notice to Greater Wynnewood was not notice reasonably calculated to apprise Greater Wynnewood of the receivership proceedings. Further, at the time Big Cat Rescue filed its supplemental motion for appointment of receiver, it was fully aware of the entity, Greater Wynnewood, and could have sent its supplemental motion to Greater Wynnewood's registered agent, as it did with the G.W. Zoo and the Garold Wayne Zoo.

Lastly, at the time the Receiver was appointed *ex parte*, the Court relied on the evidence that G.W. Zoo had fraudulently transferred its business operations to the Garold Wayne Zoo. In order to prevent any further fraudulent transfers from occurring, the Court found it was necessary

---

[4] On March 21, 2016, Greater Wynnewood filed its Emergency Motion to Intervene and Vacate Ex Parte Order Appointing Receiver Over Greater Wynnewood Exotic Animal Park, LLC [docket no. 210]. Subsequently, on September 20, 2016, counsel for Greater Wynnewood filed a motion to withdraw the emergency motion to intervene and vacate, which the Court granted.

to appoint the Receiver *ex parte*. However, based on the Court's finding in its December 21, 2016 Order that while the Garold Wayne Zoo had violated the Court's Permanent Injunction by allowing the "The G.W. Zoo" trade name to be used by Greater Wynnewood, the Court found that the other business operations (the website, billboards, PayPal account, the email marketing account and the animals and attractions at the zoo) were not owned by the G.W. Zoo, and, therefore, the Court's Permanent Injunction was not violated when Greater Wynnewood continued with the use of those operations. *See* December 22, 2016 Order [docket no. 276] ("[T]he Court finds that based on the evidence presented at the hearing, the website, billboards, PayPal account, which host the list of donors to the Garold Wayne Zoo, the email marketing account, as well as the animals and attractions at the zoo were not owned by the Garold Wayne Zoo, but by other entities and people and, therefore, were not assets of the Garold Wayne Zoo. However, the evidence clearly and convincingly indicates that the Garold Wayne Zoo did own the trade name "The G.W. Zoo." Based on the facts and evidence presented at the hearing demonstrating that "The G.W. Zoo" trade name is in use by Greater Wynnewood . . .").

In light of the Court's finding that the G.W. Zoo did not own the business operations, other than the trade name, that Greater Wynnewood uses to run its animal park, the Court finds that there would have been little to no prejudice to Big Cat Rescue had it first properly served Greater Wynnewood with its supplemental motion to appoint a Receiver and had the Court heard from Greater Wynnewood prior to appointing the Receiver *ex parte*. Therefore, the Court finds that the March 14, 2016 Order should be vacated and all property of Greater Wynnewood in possession of the Receiver or Big Cat Rescue should be returned to Greater Wynnewood. Further, the Court declines to award Greater Wynnewood attorneys' fees and costs incurred to vacate the March 14, 2016 Order.

III.   Conclusion

Accordingly, for the reasons set forth above, the Court GRANTS Intervenor's Motion to Vacate Order Appointing Receiver and Request for Immediate Stay of Receivership Pending the Court's Ruling on Intervenor's Motion [docket no. 283] and VACATES the March 14, 2016 Order appointing a Receiver in this matter [docket no. 202], and DIRECTS the Receiver and Big Cat Rescue to return any property to Greater Wynnewood on or before October 9, 2017.

Further, as the Court has vacated the March 14, 2016 Order appointing the Receiver, the Court SETS the following briefing schedule for Plaintiff's Motion for Immediate Appointment of a Receiver to Take Charge of the Revenue and Receipts of the Garold Wayne Interactive Zoological Foundation and Brief in Support [docket no. 198] and Plaintiff's Supplement to its Motion for Immediate Appointment of a Receiver to Take Charge of the Revenue and Receipts of the Garold Wayne Interactive Zoological Foundation and Brief in Support [docket no. 201]:

1. Greater Wynnewood to file its response to Big Cat Rescue's motions on or before September 21, 2017; and

2. Big Cat Rescue to file its reply to Greater Wynnewood's response on or before September 28, 2017.[5]

**IT IS SO ORDERED this 7th day of September, 2017.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE

---

[5] The Court will rule on the Receiver's two motions pending before the Court – Second Interim Application of Receiver's Compensation and Reasonable Attorney's Fees and Costs [docket no. 268] and Receiver's Motion to Hold Intervenor, Greater Wynnewood Exotic Animal Park, LLC, in Contempt of Court, and Brief in Support [docket no. 269] once the Court has made a determination on whether a receiver should be appointed in this matter.