# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BIG CAT RESCUE CORP., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-14-377-M ) |
| G.W. EXOTIC ANIMAL MEMORIAL FOUNDATION and THE GAROLD WAYNE INTERACTIVE ZOOLOGICAL FOUNDATION, | ) ) ) ) ) ) |
| Defendants, | ) ) |
| GREATER WYNNEWOOD EXOTIC ANIMAL PARK, LLC, | ) ) ) |
| Intervenor. | ) |

## ORDER

Before the Court is Plaintiff Big Cat Rescue Corp.'s ("Big Cat Rescue") Motion to Dismiss Intervenor's Complaint and Brief in Support, filed January 17, 2017. On February 10, 2017, Intervenor Greater Wynnewood Exotic Animal Park, LLC ("Greater Wynnewood") responded, and on February 21, 2017, Big Cat Rescue replied. Based on the parties' submissions, the Court makes its determination.

I.  Introduction[1]

In February of 2013, Big Cat Rescue obtained civil consent judgments against defendant G.W. Exotic Animal Memorial Foundation ("G.W. Zoo") in the amount of $1,028,000.00. On April 15, 2014, Big Cat Rescue filed this instant action alleging

---

[1] The facts set forth are alleged in Greater Wynnewood's Complaint. *See* [docket no. 271].

fraudulent transfer, successor liability/corporate alter ego, and individual liability against defendants the G.W. Zoo and the Garold Wayne Interactive Zoological Foundation ("Garold Wayne Zoo").[2] On February 1, 2016, an Agreed Judgment and Injunction was entered against the G.W. Zoo and the Garold Wayne Zoo, finding that Garold Wayne Zoo was liable to Big Cat Rescue as a successor to G.W. Zoo. Judgment was entered against the G.W. Zoo and the Garold Wayne Zoo for $1,028,000.00.

On February 8, 2016, the Garold Wayne Zoo ceased operations of its zoo. On February 15, 2016, Greater Wynnewood opened its zoo. On March 4, 2016, Big Cat Rescue filed a Motion for Immediate Appointment of a Receiver to Take Charge of the Revenue and Receipts of the Garold Wayne Zoo. ("Motion for Receiver"). On March 10, 2016, Big Cat Rescue filed its Supplemental Motion for Appointment of Receiver ("Supplemental Motion"), requesting the Court appoint a receiver over Greater Wynnewood, without notice to Greater Wynnewood. On March 14, 2016, the Court entered an *ex parte* order appointing a receiver over Greater Wynnewood.

Further, from February of 2016 to the present, Greater Wynnewood has entered into several confidentiality agreements with its employee/volunteers which preclude the employee/volunteers from disclosing or divulging trade secrets, confidential information or other proprietary data of Greater Wynnewood to others, including groups like Big Cat Rescue. On or about October 16, 2016, Big Cat Rescue started communicating with at least

---

[2] Big Cat Rescue also brought this action against defendants John Finlay, Bobbi Lynn Corona, Satrina Gayle McAnally, Benjamin McAnally, and Shirley Schreibvogel; however, these parties have since been terminated from this matter.

one of Greater Wynnewood's employees, Steven Travis Horn ("Horn"), and coerced Horn to disclose trade secrets, confidential information and other proprietary data to Big Cat Rescue in breach of his Employee/Volunteer Confidentiality Agreement with Greater Wynnewood.

On December 16, 2016, Greater Wynnewood intervened in this action and filed its Complaint against Big Cat Rescue seeking a declaratory judgment and preliminary and permanent injunctive relief and alleging the following claims: (1) wrongful receivership; (2) abuse of process; and (3) tortious interference. Big Cat Rescue now moves this Court to dismiss Greater Wynnewood's Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted.

II.  Standard for Dismissal

Regarding the standard for determining whether to dismiss a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), the United States Supreme Court has held:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). Further, "where the well-pleaded facts do not permit the court to infer more than the mere

possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id.* at 679 (internal quotations and citations omitted). Additionally, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id*. at 678 (internal quotations and citations omitted). "While the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in her complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012). Finally, "[a] court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

III. Discussion

    A. Declaratory Action

> In an actual controversy … [the court], upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201. "The question is whether petitioner's allegations are sufficient to entitle it to the declaratory relief prayed in its complaint. This raises the question whether there is an 'actual controversy' within the meaning of the Declaratory Judgment Act . . ., since the

District Court is without power to grant declaratory relief unless such a controversy exists." *Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 272 (1941).

Big Cat Rescue contends that Greater Wynnewood has failed to state a claim for declaratory relief. Specifically, Big Cat Rescue asserts that the controversy alleged in Greater Wynnewood's Complaint is nonjusticiable under the Declaratory Judgments Act and, therefore, should be dismissed. Greater Wynnewood contends that it seeks to put an end to Big Cat Rescue's oppressive and abusive conduct toward it by having the Court declare the legal relations between Big Cat Rescue and Greater Wynnewood regarding a past, present and continuing dispute as to successor liability.

Having carefully reviewed Greater Wynnewood's Complaint, and presuming all of Greater Wynnewood's factual allegations are true and construing them in the light most favorable to Greater Wynnewood, the Court finds that Greater Wynnewood has failed to set forth sufficient facts to establish a claim for a declaratory judgment in this matter. Specifically, in its Complaint, Greater Wynnewood alleges:

> [Big Cat Rescue] has taken actions which indicate an intention to hold [Greater Wynnewood] successively liable for the judgment entered in favor of [Big Cat Rescue] against [the G.W. Zoo] and [the Garold Wayne Zoo].
>
> [Greater Wynnewood] is not the successor of [the G.W. Zoo] or [the Garold Wayne Zoo], is not liable for their debts, and is not a judgment debtor of [Big Cat Rescue].
>
> An actual controversy exits between the parties and this Court is vested with the power to declare the rights and liabilities of the parties hereto and to give such other and further relief as it deems necessary under the facts and circumstances.

Greater Wynnewood's Compl. ¶¶ 19-21. While Greater Wynnewood alleges there is an actual controversy, the Court finds that Greater Wynnewood fails to allege the actual legal relation and rights it is entitled to establishing the controversy. Greater Wynnewood merely alleges a formulaic recitation of the elements required to establish a claim for declaratory relief, and, as such, the Court finds that Greater Wynnewood's claim for declaratory judgment against Big Cat Rescue should be dismissed. However, in the interest of justice, the Court finds that Greater Wynnewood should be granted leave to file an amended complaint as to its declaratory judgment claim.

B. <u>Wrongful Receivership and Abuse of Process claims</u>

In an action in which wrongful receivership is alleged:

> Persons who wrongfully procure the appointment of a receiver, become, after the appointment is judicially declared void, trespassers ab initio, and liable for the damages caused by their wrongful acts. It is not necessary, in order to recover damages for wrongfully procuring the appointment of a receiver, to show that the appointment was procured maliciously, and without probable cause. In an action for damages for wrongfully securing the appointment of a receiver, the general rules as to burden of proof and admissibility of evidence in civil actions apply.

*Wagoner Oil & Gas Co. v. Marlow*, 278 P. 294, 310 (Okla. 1929) (citing *K.C. Oil Co. v. Harvester Oil & Gas Co.*, 194 P. 228 (Okla. 1920)). Further, with respect to Greater Wynnewood's abuse of process claim, Greater Wynnewood must allege that Big Cat Rescue improperly used the Court's process primarily for an ulterior or improper purpose which resulted in damage to Greater Wynnewood. *See Greenberg v. Wolfberg*, 890 P.2d 895, 905 (Okla. 1994). "The quintessence of *abuse of process* is not the wrongfulness of

6

the prosecution, but some extortionate perversion of lawfully initiated process to illegitimate ends." *Id.* (internal citation omitted).

Big Cat Rescue contends that Greater Wynnewood has failed to state claims for wrongful receiver and abuse of process. Having carefully reviewed Greater Wynnewood's Complaint, and presuming all of Greater Wynnewood's factual allegations are true and construing them in the light most favorable to Greater Wynnewood, the Court finds that Greater Wynnewood has set forth sufficient facts to establish claims for wrongful receivership or abuse of process against Big Cat Rescue. Greater Wynnewood alleges that:

> After [Big Cat Rescue] obtained an Agreed Judgment and Injunction against Defendants [the G.W. Zoo] and [the Garold Wayne Zoo] in the instant litigation, Big Cat Rescue wrongfully procured the appointment of a receiver over [Greater Wynnewood], a non-party, without providing notice to [Greater Wynnewood], without a hearing, and without an adjudication of liability against [Greater Wynnewood].

Compl. ¶ 22. Greater Wynnewood further alleges that:

> [Big Cat Rescue] sought and obtained the Order appointing receiver over [Greater Wynnewood] not in an effort to protect its interests or collect the judgment against [the G.W. Zoo] and [the Garold Wayne Zoo], but primarily in an effort to, … (a) purposefully harm Greater Wynnewood; (b) coerce Greater Wynnewood to surrender property and/or pay the debts of the [G.W. Zoo] and [the Garold Wayne Zoo]; (c) injure [Greater Wynnewood's] business; and (d) financially burden [Greater Wynnewood] to such an extent that it might be forced to cease operations of its business.
>
> [Big Cat Rescue's] improper use of the [C]ourt's process for an ulterior and unlawful purpose has resulted in damage to [Greater Wynnewood], . . . .

7

Compl. ¶¶ 26-27. The Court finds that, at this stage of the litigation, based on these alleged facts, Greater Wynnewood's claims for wrongful receiver and abuse of process should not be dismissed.[3]

### C. Tortious Interference

To prove a claim of tortious interference, Greater Wynnewood must allege that Big Cat Rescue: (1) interfered with a business or contractual right; (2) that interference was malicious and wrongful and was neither justified, privileged, or excusable; and (3) Greater Wynnewood sustained damages as a result of the interference. *See Tuffy's, Inc. v. City of Okla. City,* 212 P.3d 1158, 1165 (Okla. 2009). Further, "[t]he element of malice, for malicious interference, is defined as an unreasonable and wrongful act done intentionally, without just cause or excuse." *Id.* "This element clearly requires a showing of bad faith." *Id.*

Big Cat Rescue contends that Greater Wynnewood's allegations fall short of the pleading requirements required to state a claim against it for tortious interference. Having carefully reviewed Greater Wynnewood's Complaint, and presuming all of Greater Wynnewood's factual allegations are true and construing them in the light most favorable to Greater Wynnewood, the Court finds that Greater Wynnewood has alleged sufficient facts for the Court to draw the reasonable inference that Big Cat Rescue tortuously

---

[3] The Court would note that on September 7, 2017, the Court vacated the March 14, 2016 Memorandum Opinion and Order appointing the receiver and has set a briefing schedule in order for Greater Wynnewood to respond to Big Cat Rescue's Motion for Receiver and Supplemental Motion [docket nos. 198 and 201]. In the event the Court finds that a receiver should be appointed in this matter, Greater Wynnewood's claims for wrongful receiver and abuse of process may no longer be viable.

interfered with Greater Wynnewood's contractual right with Horn. Specifically, Greater Wynnewood alleges that Horn, an employee of Greater Wynnewood, signed an Employer/Volunteer Confidentiality Agreement which precluded Horn from disclosing or divulging trade secrets, confidential information, or other proprietary data of Greater Wynnewood to groups such as Big Cat Rescue. *See* Compl. ¶ 29. Further, Greater Wynnewood alleges that on or about October 10, 2016, Big Cat Rescue began communicating with Horn and coerced him to disclose trade secrets, confidential information and other proprietary data in breach of his Employment/Volunteer Confidentiality Agreement with Greater Wynnewood. *Id.* ¶ 30. Greater Wynnewood alleges that the purpose of Big Cat Rescue's interference with Greater Wynnewood's "employee relationship was to obtain confidential information to, …: (a) use against [Greater Wynnewood] in litigation; (b) hamper Jeff Lowe, [Greater Wynnewood's] member, from obtaining a USDA exhibitor's license; and (c) shut down [Greater Wynnewood's] business." *See id.* ¶ 31. The Court finds that based on these alleged facts, Greater Wynnewood's tortious interference claim should not be dismissed.

IV.  Conclusion

Accordingly, for the reasons set forth above, the Court GRANTS IN PART AND DENIES IN PART Plaintiff Big Cat Rescue Corp.'s Motion to Dismiss Intervenor's Complaint and Brief in Support [docket no. 290] as follows:

> A.  the Court GRANTS Big Cat Rescue's motion to dismiss as to Greater Wynnewood's claim for declaratory judgment; however, the Court GRANTS Greater Wynnewood leave to amend its claim on or before September 22, 2017; and

B. the Court DENIES Big Cat Rescue's motion to dismiss as to Greater Wynnewood's claims for wrongful receiver, abuse of process, and tortious interference.

**IT IS SO ORDERED this 11th day of September, 2017.**

_____
VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE